IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60652
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIAM GREGORY HUDSPETH,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CR-19-ALL-S
--------------------
May 31, 2001

Before HIGGINBOTHAM, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    William Gregory Hudspeth appeals from his conviction of wire

fraud.  He argues that the district court erred by denying his

motion for a new trial because a Government witness alluded to

plea negotiations on cross-examination; that the district court

erred by allowing testimony concerning false documents

purportedly submitted to the Nigerian government; that he

received ineffective assistance of counsel; and that the

cumulative effect of errors at his trial violated the Due Process

Clause.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hudspeth's attorney, by asking the witness when a second meeting between Hudspeth and the witness occurred, effectively assumed the risk that the witness would mention plea negotiations. Moreover, the attorney, as a matter of trial strategy, attempted to use the mention of plea negotiations to introduce a letter in which Hudspeth informed the prosecutor that he could not plead guilty. Hudspeth opened the door to this line of testimony, and he cannot now complain of the result. *See United States v. Delk*, 586 F.2d 513 (5th Cir. 1978). Moreover, Hudspeth did not timely object at trial, so we review for plain error only. Hudspeth has not demonstrated plain error regarding the witness's allusion to plea negotiations. *See United States v. Loney*, 959 F.2d 1332, 1341 & n.22 (5th Cir. 1992).

The evidence about false invoices supposedly submitted to Nigerian authorities was intrinsic to Hudspeth's fraud scheme. How Hudspeth and the Nigerians arranged to present the fraudulent claims for payment was part of the same criminal episode that resulted in Hudspeth directing his employer's banks to send funds to the Nigerian accounts. *United States v. Powers*, 168 F.3d 741, 748 (5th Cir.), *cert. denied*, 528 U.S. 945 (1999).

Hudspeth's ineffective-assistance claims are sufficiently developed in the record for consideration by this court. *Cf. United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987)(as a general rule this court will not address ineffective assistance on direct appeal). Hudspeth, however, has failed to demonstrate that he received ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Lastly, Hudspeth argues that the cumulative effect of these errors denied him a fair trial. If Hudspeth is seeking to advance any argument here distinct from the three points of error already discussed, it is unavailing. As we have explained, we do not find that a set of district court rulings – all of which are constitutional exercises of the district court's discretion – somehow transform themselves into a constitutional violation when accumulated. *See United States v. Loe*, 2001 WL 388098, *10 n.68 (5th Cir. April 17, 2001). We acknowledge that trials are path dependent, such that a ruling which would be perfectly permissible in a vacuum might be impermissible when viewed in light of previous rulings. *See id.* (acknowledging this point in the context of evidentiary rulings). Thus, for example, a district court ruling under Federal Rule of Evidence 403 to exclude evidence on grounds of undue delay might be perfectly permissible when viewed in a vacuum, yet be impermissible if preceded by rulings barring other evidence such that the 403 ruling closed off a party's last chance to present a crucial element of its case. In such a case, however, the party should be able to show with particularity the relationship between the various rulings, and explain how the later ruling is impermissible in light of the prior rulings. Hudspeth, however, makes no such showing in this case; rather he presents only the bare assertion that his first three points of error add up to a whole greater than the sum of its parts. We are not convinced.

AFFIRMED.